

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 6:16-cv-02758-MGL |
| WENDELL L. HAWKINS, PA, | § § § | |
| Defendant. | § § | |

MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS AND
GRANTING PLAINTIFF'S PETITION TO COMPEL ARBITRATION

## I.     INTRODUCTION

This is an action filed by Fidelity National Title Insurance Company (Plaintiff) to compel Wendell L. Hawkins, PA (Defendant) to arbitrate under the Federal Arbitration Act. Pending before the Court are Plaintiff's Petition for an Order Compelling Arbitration and Defendant's Motion to Dismiss for lack of subject matter jurisdiction. Having carefully considered the Petition, the Motion, the response, the record, and the applicable law, it is the judgment of the Court that Defendant's Motion to Dismiss will be denied, whereas Plaintiff's Petition for an Order Compelling Arbitration will be granted.

## II.     FACTUAL AND PROCEDURAL HISTORY

Plaintiff is a corporation headquartered in the State of California in the business of providing title insurance for real estate transactions, and Defendant is a law firm doing business in Greenville County, South Carolina.  ECF No. 1.  Defendant entered into a Title Insurance Agency Agreement (Agreement) with Plaintiff's predecessor in interest, Lawyers Title Insurance Corporation (LTIC), on or about June 1, 2001, pursuant to which Defendant became LTIC's agent for the purpose of issuing title insurance policies for LTIC in South Carolina.  ECF No. 1-1.

Paragraph 16 of the Agreement provides:

> Unless prohibited by applicable law or regulation, either PRINCIPAL [Plaintiff] or AGENT [Defendant] may demand arbitration pursuant to the Arbitration Rules of the American Arbitration Association.  Arbitrable matters may include any controversy or claim between [Plaintiff] and [Defendant] arising out of or relating to this Agreement.  Arbitration pursuant to this Agreement shall be under the rules in effect on the date the demand for arbitration is made.  Judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.

*Id.* ¶ 16.  Paragraph 4 of the Agreement states:

> AGENT [Defendant] shall be liable to PRINCIPAL [Plaintiff] for, and hereby agrees to indemnify [Plaintiff] against, any loss, cost or expense, including attorneys' fees and costs of litigation, sustained or incurred by [Plaintiff] and arising from the fraud, negligence or misconduct of [Defendant], or any agent, servant or employee of [Defendant], whether or not such loss, cost or expense shall result from any Policy issued by [Defendant].

*Id.* ¶ 4.

Through its Petition, Plaintiff is seeking to compel Defendant to arbitrate Plaintiff's indemnity claim filed with the American Arbitration Association (AAA).  ECF No. 1.  The facts of the underlying dispute are set forth in the "American Arbitration Association Online Filing Acknowledgment" for Plaintiff's demand, which states in relevant part:

> Claimant [Plaintiff] seeks indemnification for a claim it paid under the provisions of Title Insurance Policy Number G910045489 ("Policy") that it issued through its

2

>   agent, [Defendant].  [Defendant] conducted a loan closing for Mary-Frances Liggett ("Mortgagor") involving a mortgage given to Greenpoint Mortgage Funding, Inc. ("Insured") for which real property served as collateral ("Property"). The Mortgagor, as a Member of Jasmine Place, LLC ("LLC") had previously conveyed the Property, which at the time was titled in the name of the LLC, to herself.  [Defendant] conducted a title search and failed to recognize that the Property was not properly vested in the name of the Mortgagor.  Thereafter, as the result of a foreclosure action brought by Federal National Mortgage Association ("FNMA"), as successor in interest to the Insured, the LLC fought the foreclosure claiming, among other defenses, that the transfer of the Property to Mortgagor was invalid because the LLC required all members to sign the deed to the Mortgagor and not just one Member.  [Plaintiff] retained counsel and negotiated settlement and paid a Claim under the provisions of the Policy in the amount of $65,000 and incurred expenses in the amount of $9,821.31 as a result of the foreclosure action.

ECF No. 1-1, at 9.

The procedural history of this case is unusual.  Plaintiff previously filed a petition for an order compelling arbitration in a related case on February 17, 2016.  Pl.'s Pet. for an Order Compelling Arbitration, *Fid. Nat. Title Ins. Co. v. Wendell L. Hawkins, PA*, No. 6:16-cv-0531-MGL (D.S.C. Feb. 17, 2016) (*Hawkins I*), ECF No. 1.  On the same date, Defendant opened another case in which it filed a motion to stay arbitration and/or dismiss Plaintiff's petition. *Wendell L. Hawkins, PA v. Fid. Nat. Title Ins. Co.*, No. 6:16-cv-0455-MGL (D.S.C. Feb. 17, 2016) (*Hawkins II*), ECF No. 1.  The Court subsequently consolidated *Hawkins I* and *Hawkins II*. *Hawkins II*, ECF. No. 4.  After briefing by the parties, the Court entered an Order on May 17, 2016, dismissing Plaintiff's petition without prejudice with leave to re-file so Plaintiff could obtain an expert affidavit as required by S.C. Code § 15-36-100(B).  *Hawkins II*, ECF No. 21.  The Court's Order rendered Defendant's motion to stay and/or dismiss moot.  *Id.*

Plaintiff obtained an expert affidavit and re-filed its Petition for an Order Compelling Arbitration in this matter on August 4, 2016.  ECF No. 1.  Defendant filed its Motion to Dismiss on August 23, 2016.  ECF No. 4.  Plaintiff filed a response to Defendant's Motion on September

3

9, 2016.  ECF No. 5.  Having been briefed on the relevant issues, the Court is now prepared to discuss Defendant's Motion to Dismiss and Plaintiff's Petition.

## III.     STANDARD OF REVIEW

The Federal Arbitration Act (FAA) provides a federal district court with the authority to enforce an arbitration agreement by compelling parties to arbitrate their dispute.  9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 . . . for an order directing that such arbitration proceed in the manner provided for in such agreement.").  States are vested with the same authority.  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983).  Section 2 of the FAA applies to any "contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract," and it provides the written agreements to arbitrate contained in such contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  The United States Supreme Court has noted a strong federal policy favoring arbitration.  *See Moses H. Cone*, 460 U.S. at 24-25.

The Fourth Circuit Court of Appeals recognized the FAA's strong federal policy favoring arbitration agreements in *Adkins v. Labor Ready, Inc.*, 303 F.3d 496 (4th Cir. 2002), in which the court stated, "A district court . . . has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Id.* at 500 (citing *United States v. Bankers Ins. Co.*, 245 F.3d 315, 319 (4th Cir. 2001)).  The court further stated:

> In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision [that] purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute."

*Id.* at 500-01 (quoting *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991)).  Because "arbitration constitutes a more efficient dispute resolution process than litigation . . . 'due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration.'"  *Id.* at 500 (quoting *Volt Info. Scis., Inc. v. Bd. of Tr. of Leland Stanford Junior Univ.*, 489 U.S. 468, 475-76 (1989) (citing *Hightower v. GMRI, Inc.*, 272 F.3d 239, 241 (4th Cir. 2001))).  When all of the issues in a case are arbitrable, a stay of proceedings pending arbitration and a dismissal are both proper remedies.  *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001).

For this Court to hear the dispute and rule on Plaintiff's Petition, the Court must have subject matter jurisdiction under 28 U.S.C. § 1332.  The FAA alone does not supply jurisdiction to the Court because, although it is a federal law, "it does not create any independent federal question jurisdiction under 28 U.S.C. § 1331."  *Moses H. Cone*, 460 U.S. at 25 n.32.  Rather, the Supreme Court has held that "there must be diversity of citizenship or some other independent basis for federal-question jurisdiction before the order [compelling arbitration] can issue."  *Id.* (citing *Commercial Metals Co. v. Balfour, Guthrie, & Co.*, 577 F.2d 264, 268-69 (5th Cir. 1978)).

A federal district court has subject matter jurisdiction through diversity of citizenship when the action is between citizens of different states and the amount in controversy is greater than $75,000, "exclusive of interest and costs."  28 U.S.C. § 1332(a).  The amount in controversy is determined by the complaint as long as the allegation is made in good faith.  *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010).

## IV.    CONTENTIONS OF THE PARTIES

Plaintiff's Petition for an Order Compelling Arbitration asserts the Court should issue an order compelling Defendant to arbitrate the claim Plaintiff filed with the AAA because the Agreement entitles Plaintiff to demand arbitration of the dispute, and Plaintiff has made a demand of arbitration on Defendant that Defendant has refused.  The Petition also maintains the Court has jurisdiction to compel arbitration under the FAA.

Defendant's sole argument in opposition to Plaintiff's Petition is that the Court lacks subject matter jurisdiction because the amount in controversy is not greater than $75,000 as required by 28 U.S.C. § 1332(a).  Defendant maintains the jurisdictional amount is unmet because Plaintiff paid only $65,000 to settle the underlying action.  Defendant contends Plaintiff's attorneys' fees and costs in neither the underlying action nor this action can be considered when calculating the amount in controversy for purposes of jurisdiction.

In opposing Defendant's motion, Plaintiff argues the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied because its attorneys' fees in the underlying action and the filing fee incurred when it filed its demand with the AAA should be included when determining the amount in controversy.  Plaintiff explains it paid $65,000 to settle the underlying dispute, incurred $9,821.31 in attorneys' fees in the underlying dispute, and paid a $750 filing fee with the AAA, which Plaintiff posits brings the amount in controversy to over $75,000.  Plaintiff asserts that, despite the language of 28 U.S.C. § 1332 stating the amount in controversy for diversity jurisdiction must be greater than $75,000 "exclusive of interest and costs," its attorneys' fees and costs should be considered when calculating the jurisdictional amount because Paragraph 4 of the Agreement gives Plaintiff a substantive right to be indemnified for its attorneys' fees and costs.

Plaintiff further avers its attorneys' fees and costs should be included because it is entitled to recover them under South Carolina law and the Rules of the AAA.

## V.      DISCUSSION AND ANALYSIS

Under the language of 28 U.S.C. § 1332(a) providing the amount in controversy must be greater than $75,000 "exclusive of interest and costs," attorneys' fees and costs are not generally included in calculating the amount in controversy for purposes of diversity jurisdiction. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013). Attorneys' fees are, however, to be considered when determining the jurisdictional amount when a plaintiff is entitled to recover them under a contract or statute. *Springstead v. Crawfordsville State Bank*, 231 U.S. 541, 541-42 (1913); *Francis*, 709 F.3d at 368 ("Generally, attorney's fees are not included in the amount-in-controversy calculation, but courts have created two exceptions to this rule: (1) if the fees are provided for by contract; or (2) if a statute mandates or allows payment of attorney's fees." (citations omitted) (internal quotation marks omitted)); *see also Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983) ("[C]ontractual provisions transformed attorneys fees into substantive rights to which the litigants were entitled." (footnote omitted)). Stated differently, when a plaintiff is entitled to recover attorneys' fees by statute or contract, the plaintiff has a substantive right to such fees, and the fees are therefore part of the amount in controversy rather than "interest" or "costs" under 28 U.S.C. § 1332(a). The Court notes that other district courts in the Fourth Circuit have adopted this view as well. *See, e.g.*, *CPFilms, Inc. v. Best Window Tinting, Inc.*, 466 F. Supp. 2d 711, 713 (W.D. Va. 2006); *Biktasheva v. Red Square Sports, Inc.*, 366 F. Supp. 2d 289, 294-95 (D. Md. 2005); *Cast-A-Stone Prods. of SC, Inc. v. Aetna Cas. & Sur. Co.*, 379 F. Supp. 929, 932 (D.S.C. 1974).

7

As outlined above, Paragraph 4 of the Agreement entitles Plaintiff to be indemnified for any "loss, cost or expense, including attorneys' fees and costs of litigation" incurred by Plaintiff as a result of Defendant's negligence or misconduct. Because this dispute involves damages arising out of Defendant's alleged negligence, Plaintiff has a contractual right to recover its attorneys' fees and costs from Defendant if Plaintiff prevails on its claim. Therefore, Plaintiff's attorneys' fees and costs are part of the amount in controversy and should be included when calculating the jurisdictional amount. Because the Court holds Plaintiff has a contractual right to recover its attorneys' fees and costs in the event Plaintiff prevails on its claim, the Court need not determine whether Plaintiff has a right to recover attorneys' fees and costs on any other grounds. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

According to the Complaint, Plaintiff has already incurred over $75,000 in losses when its attorneys' fees and costs are considered. There is no suggestion Plaintiff's allegations regarding its losses are made in bad faith. The amount in controversy therefore exceeds $75,000. Because the amount in controversy exceeds $75,000 and Plaintiff and Defendant are from different states, the Court holds it has subject matter jurisdiction in this matter under 28 U.S.C. § 1332. Consequently, the Court will deny Defendant's Motion to Dismiss.

Defendant has failed to raise any additional arguments in opposition to Plaintiff's Petition and has consequently waived any such arguments. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377 (4th Cir. 2012) ("A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue." (citations omitted)); *see also Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a

basis for summary judgment constitutes waiver of that argument."). The Court will therefore grant Plaintiff's Petition and compel Defendant to arbitrate Plaintiff's claim filed with the AAA in its entirety. Because the Court is compelling arbitration of the entire dispute, the Court will dismiss this action.

## VI.   CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Defendant's Motion to Dismiss is **DENIED**, and Plaintiff's Petition for an Order Compelling Arbitration is **GRANTED**. Defendant is ordered to arbitrate Plaintiff's claim filed with the AAA in its entirety. Accordingly, this case is hereby **DISMISSED.**

**IT IS SO ORDERED.**

Signed this 29th day of November 2016 in Columbia, South Carolina.

s/Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

9